**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joseph Alen Barnes, Jr.,

          Petitioner,

v.

Clay County Correctional Facility,

          Respondent.

Case No. 25-cv-3794 (JMB/DLM)

**REPORT AND**
**RECOMMENDATION**

---

This matter is before the Court on Petitioner Joseph Barnes, Jr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) The case has been referred to the undersigned magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends that Mr. Barnes's Petition be denied and this action be dismissed without prejudice.

Mr. Barnes filed his Petition in late September of 2025, seeking release from the Clay County, Minnesota jail. (Doc. 1.) The gravamen of Mr. Barnes's Petition is that he is being held for extradition to the State of Virginia unlawfully. (*Id.*) He asks this Court to "allow [him] to stay in [Minnesota] without being extradited to Virginia." (*Id.* at 7.)

This Court issued an Order for Respondent to file an answer to Mr. Barnes's Petition no later than October 31, 2025, certifying the true cause and proper duration of Mr. Barnes's confinement. (Doc. 3.) The Court directed that Respondent's answer should include a reasoned memorandum of law and fact explaining its position, as well as "[s]uch

1

affidavits and exhibits as are needed to establish the lawfulness and correct duration of Mr. Barnes's detention in light of the issues raised in the habeas petition." (Doc. 3.)

On October 28, 2025, Respondent filed its Answer. (Doc. 5.) In that pleading, Respondent asserted (1) Mr. Barnes's detention was authorized by a valid out-of-state warrant, and (2) Mr. Barnes waived any opposition to extradition as a condition of transferring probation supervision for his underlying Virginia offense to Minnesota, and (3) Mr. Barnes was already extradited to Virginia, leaving nothing for this Court to order from a habeas perspective. (Doc. 5.) Respondent, however, did not include any affidavits or exhibits from which the Court could test the accuracy of its factual assertions. Accordingly, this Court issued an Order directing Respondent to supplement its answer with affidavits and exhibits, as previously ordered. (Doc. 7.)

Respondent has now provided evidence in support of its position. (Doc. 8.) That evidence includes an affidavit from Clay County Attorney Brian J. Melton, attesting to the following: (1) that Mr. Barnes was detained at the Clay County jail pursuant to a warrant issued by the Commonwealth of Virginia based on allegations that Mr. Barnes violated his probation from an underlying Virginia conviction; (2) that, when Mr. Barnes transferred his probation to Minnesota, he expressly agreed to return to Virginia voluntarily if directed to do so; (3) that Virginia authorities took custody of Mr. Barnes in October of 2025; and (4) that Mr. Barnes is no longer in the custody of the Clay County Correctional Facility. (Doc. 8.) Respondent included documents supporting each of County Attorney Melton's statements. (*See, e.g.,* Doc. 8 at 3-4 (warrant to arrest Mr. Barness), 5, 23 (Interstate Supervision Compact, including agreement to return to Virginia "at any time I am directed

2

to"), 24-25 (Clay County Sheriff's Office Booking/Release Card, indicating Mr. Barnes's release to Virginia transport on October 5, 2025).)

Based on Respondent's recently submitted evidence, it is clear there is an insurmountable jurisdictional bar to relief. According to the unrebutted evidence of Respondent, Mr. Barnes has now been extradited to Virginia, and thus is no longer in custody of the Clay County, Minnesota jail. Habeas relief is generally only available to people in custody. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). "[T]he absence of a custodial relationship between [Petitioner] and the respondent is a jurisdictional defect," such that "the Court lacks authority to continue any further." *Allen v. Minnesota*, 24-cv-3213 (JRT/ECW), 2024 WL 4546175, at *2 (D. Minn. Sept. 13, 2024), *report and recommendation adopted*, 2024 WL 4545129 (D. Minn. Oct. 22, 2024)  Because Mr. Barnes is no longer in custody in Minnesota, this Court has no jurisdiction to grant him the relief he seeks (that is, release from the Clay County, Minnesota jail).

Even if the Court reached the merits, Mr. Barnes fares no better. It is true that a petitioner may challenge extradition via a habeas corpus petition. *See, e.g., State ex rel. Bailey v. Shepard*, 584 F.2d 858, 860 (8th Cir. 1978). However, the habeas court's review is "extremely limited," focused on jurisdictional questions (such as whether and where an offense was alleged to be committed, the defendant's location, and the propriety of the extradition paperwork) rather than any substantive matters. *Id.* Here, that review makes clear that Mr. Barnes's circumstances do not qualify for habeas relief: Mr. Barnes is alleged

3

to have violated the terms of his Virginia probation (Doc. 8 at 1, 3-4, 13-12[1]); he was located in Minnesota when he filed his habeas Petition (Doc. 1); and Mr. Barnes agreed to waive any challenge to extradition as a condition of Minnesota assuming supervision over his Virginia probation (Doc. 8 at 5 (stating in all capital letters, "I AGREE TO WAIVE ANY RIGHT I MAY HAVE TO EXTRADITION. I WAIVE THIS RIGHT FREELY, VOLUNTARILY, AND INTELLIGENTLY.").[2]

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings in this action, it is RECOMMENDED that Joseph Barnes, Jr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be DENIED and this action be DISMISSED WITHOUT PREJUDICE.

Dated: June 1, 2026                   _s/Douglas L. Micko_____
                                      Douglas L. Micko
                                      United States Magistrate Judge

---

[1] This document was submitted to the Court out of order.

[2] There are also significant questions of whether Mr. Barnes could establish whether he properly exhausted state-court remedies before seeking federal habeas review, and he provides no evidence from which this Court could conclude he was excused from seeking those state remedies before pursuing federal habeas relief. *See, e.g., Anderson v. Bittinger*, 4:23-cv-4073 (KES), 2023 WL 12142835, at *3-*4 (D.S.D. Dec. 14, 2023) (noting that as a general matter, 28 U.S.C. 2254's state-court exhaust requirement applies to habeas matters filed pursuant to § 2241), *report and recommendation adopted* 2024 WL 6845363 (D.S.D. Jan. 29, 2024).

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).